UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

NORRIS BOSTON,  )
   Plaintiff,  )
)
vs.  )  No. 20-1151
)
LIEUTENANT EUTSEY, et. al.,  )
   Defendants  )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Lieutenant Eutsey, Correctional Officer Stewart, Correctional Officer Anderson, and Lieutenant Lee have violated her constitutional rights at Pontiac Correctional Center. Plaintiff is a transgender inmate who prefers the pronouns of she and her.

Plaintiff says she began the process to be recognized as transgender within the Illinois Department of Corrections (IDOC) on June 20, 2019. Plaintiff details how she filed several grievances "seeking guidance" and as a result she was "exposed" at the correctional center which lead to the Defendants' retaliation. (Comp., p. 5). Plaintiff

also says in order to get needed mental health treatment, she "placed herself on suicide watch." (Comp, p. 6).

Plaintiff says after Defendant Eutsey heard her conversations with mental health providers, he made several disparaging and offensive remarks. The Lieutenant then threatened to move Plaintiff to segregation where the Defendant believed Plaintiff would be sexually assaulted. Later in her complaint, Plaintiff appears to allege it was more than a threat, because Plaintiff claims she was moved to a segregation cell. (Comp., p. 10).

Defendant Eutsey then directed his subordinate Defendant Stewart to intentionally apply leg shackles as tight as possible to make it difficult for Plaintiff to walk. "Defendant Stewart proceeded to tighten the shackles to the point of removing skin from Plaintiff's ankles to the white flesh." (Comp., p. 7). Defendant Stewart also made derogatory comments to Plaintiff. Plaintiff claims she received medical treatment for her resulting injuries a few days later.

Plaintiff left her suicide watch cell on August 14, 2019, and she was told her personal property would be taken to her new cell. However, when Defendant arrived, Plaintiff noticed her television stand was broken. Defendant Anderson admitted to breaking it due to Plaintiff's transgender status.

Defendant Lee then issued a false disciplinary ticket against the Plaintiff on August 25, 2019 to retaliate "for revealing her transgender identity." (Comp, p. 9). Plaintiff provides no other details concerning the disciplinary ticket.

Plaintiff says her only means of obtaining recognition for her transgender status is through mental health staff, but Defendants do all they can to discourage her with their abusive behavior.

Plaintiff then identifies four counts in her complaint. First, Plaintiff says Defendants Eutsey and Stewart retaliated against her "in response to Plaintiff's efforts to access mental health" and "for disclosure of her transgender identity." (Comp., p. 10). Plaintiff says the Defendants intentionally applied shackles to injure her, threatened her, and moved her to segregation.

Second, Plaintiff states Defendants Eutsey and Stewart violated her Eighth Amendment when they intentionally applied leg shackles too tightly.

Third, Plaintiff alleges Defendant Anderson retaliated against her when he intentionally broke her television stand "in response to Plaintiff having sought mental health recognition of transgender identity." (Comp., p. 12).

Finally, Plaintiff alleges Defendant Lee retaliated when he "manufactured a false disciplinary ticket" in response to her efforts to obtain recognition for her transgender identity. (Comp., p.13). Plaintiff seeks damages as a result of the Defendants' conduct.

To state a retaliation claim, a plaintiff must allege: "(1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions." *Antoine v. Ramos*, 497 Fed.Appx. 631, 633–34 (7th Cir. 2012); *see also Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020); *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012).

Plaintiff's complaint mentions retaliation based on filing grievances and retaliation for her attempts to obtain transgender status. "[T]he Seventh Circuit has clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be 'related to matters of public concern' rather than merely a 'personal gripe' about a particular incident." *Wilkerson v. Loftin*, 2009 WL 167005, at *2 (S.D.Ill. Jan. 23, 2009), *quoting Pearson v. Welborn,* 471 F.3d 732, 740–41 (7th Cir.2006). It is not clear if Plaintiff can demonstrate a protected activity warranting constitutional protection, but Plaintiff has articulated retaliation claims against the Defendants for the purposes of notice pleading.

Plaintiff has provided limited information concerning the disciplinary ticket she received. If Plaintiff lost good time credits as a result, her retaliation claim against Defendant Lee will be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) unless she can demonstrate the ticket was expunged. *See i.e, Garfield v. Furlong*, 2017 WL 1152839, at *5 (S.D.Ill. March 28, 2017).

Plaintiff also alleges a separate Eighth Amendment claim based on the use of painful leg restraints. Plaintiff does not state how long she wore the restraints, but claims she suffered "cuts and bruises" as a result. (Comp., p. 23). For the purposes of notice pleading, Plaintiff has articulated an excessive force claim. *See Ajala v. Tom*, 658 Fed.Appx. 805, 806 (7th Cir. 2016)(plaintiff's "position is supported by cases concerning the use of restraints to inflict unnecessary pain on prisoners.")(listing cases).

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: 1) Defendants Eutsey, Stewart, Anderson, and Lee retaliated against the Plaintiff for her grievances and attempts to obtain transgender status by either threatening or moving her to a segregation cell, making disparaging comments about her transgender status, intentionally applying restraints in a painful manner, damaging her personal property, and issuing a false disciplinary ticket; and 2) Defendants Eutsey and Stewart used excessive force when they intentionally applied leg restraints in a manner to cause cuts and bruises. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of

service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of her filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at her place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on Defendants pursuant to the standard procedures; 2) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 3) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 7th day of October, 2020.

                 s/ James E. Shadid
                 _____
                 JAMES E. SHADID
               UNITED STATES DISTRICT JUDGE